Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Barbara Yvonne Barnhill | | |
| | First Name    Middle Name | Last Name | |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name | |

United States Bankruptcy Court for the:    **DISTRICT OF SOUTH CAROLINA**

Case number: **18-01752**
(If known)

[✓] Check if this is a modified plan, and list below the sections of the plan that have been changed.
1.3;3.2; 8.1

[✓] Pre-confirmation modification
[ ] Post-confirmation modification

District of South Carolina
## Chapter 13 Plan

12/17

### Part 1: Notices

To Debtor(s):    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [✓] Included | [ ] Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | [ ] Included | [✓] Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | [ ] Included | [✓] Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | [ ] Included | [✓] Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1**    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,036.00** per **Month** for **57** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    **Regular payments to the trustee will be made from future income in the following manner:**

Debtor    **Barbara Yvonne Barnhill**    Case number

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☐ The debtor will make payments directly to the trustee.
- ☑ Other (specify method of payment): TFS Bill Pay

### 2.3 Income tax refunds.
*Check one.*
- ☑ Debtor will retain any income tax refunds received during the plan term.
- ☐ Debtor will treat income refunds as follows:

### 2.4 Additional payments.
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☑ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

    *Insert additional claims as needed*

**3.2  Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
    *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor    **Barbara Yvonne Barnhill**    Case number

(or more)

| Name of creditor and description of property securing lien | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Wilmington Savings Fund Society, FSB; 1851 Barnhill Road Galivants Ferry, SC 29544 Horry County 1993 Imperial doublewide mobile home 28x56 (personal property) with carport and porches is located thereupon. Storage building. Horry County Tax Map #0420001109. | $75,000.00 | NOTICE ONLY | $30,000.00 | $0.00 | $30,000.00 | 6.00% | $607.00 |

(or more)

3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*

☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor    **Barbara Yvonne Barnhill**    Case number

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Anderson Brothers Bank | 2014 Ford Fusion SE 81,0449 miles VIN 3FA6P0HD3ER114813. | $9,951.00 | 6.00% | $183.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |
| W S Badcock | furniture & washing machine | $1,764.42 | 6.00% | $37.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**0.00** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**0.00** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

    *Check one.*

Debtor    **Barbara Yvonne Barnhill**                        Case number

- [x] The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

- [ ] Domestic Support Claims. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

- [x] **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- [x] None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- [x] The debtor estimates payments of less than 100% of claims.
- [ ] The debtor proposes payment of 100% of claims.
- [ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [x] None. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

- [x] None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:   Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [x] None. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:   Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

Debtor    **Barbara Yvonne Barnhill**                                    Case number

- [✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

- [ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:    Nonstandard Plan Provisions**

8.1    Check "None" or List Nonstandard Plan Provisions
   [✓]   None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Part 9:    Signatures:**

9.1    **Signatures of debtor and debtor attorney**

   *The debtor and the attorney for the debtor, if any, must sign below.*

X    /s/Barbara Yvonne Barnhill                              X   _____
     **Barbara Yvonne Barnhill**                                  Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **June 8, 2018**                              Executed on  _____

X    /s/Daryle A. Walker                                     Date   **June 8, 2018**
     **Daryle A. Walker**
     Signature of Attorney for Debtor(s)  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

**CERTIFICATE OF SERVICE**
I certify that I did this day serve the above Plan upon each creditor and party in interest by First Class United States Mail addressed to each as set forth in the attached mailing list; and further that the Trustee and United States Trustee are served electronically via cm/ecf.

June 8, 2018
Murrells Inlet, South Carolina

/s/Daryle A. Walker
Daryle A. Walker, D.Ct.ID 4485
Attorney for Debtor
Post Office Box 1537
Murrells Inlet, South Carolina 29576
843-357-8530
dwalker@darylewalker.com

Debtor     **Barbara Yvonne Barnhill**                              Case number

## DEBTOR'S STATEMENT IN SUPPORT OF CONFIRMATION OF PLAN

In connection with the plan dated JUNE 8, 2018, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **June 8, 2018**                                    By: **/s/ Barbara Yvonne Barnhill**
                                                              Debtor

Date                                                     By:
                                                              Joint Debtor

```
Label Matrix for local noticing          ANDERSON BROTHERS BANK              Anderson Brothers Bank
0420-2                                   PO BOX 310                          101 North Main Street
Case 18-01752-jw                         MULLINS SC 29574-0310               Mullins SC 29574-2727
District of South Carolina
Charleston
Fri Jun  8 15:57:37 EDT 2018

Barbara Yvonne Barnhill                  Beneficial Mortgage Co of SC        Cash Net USA
1851 Barnhill Road                       C T Corporation                     POB 206739
Galivants Ferry, SC 29544-7223           75 Beattie Place                    Dallas TX 75320-6739
                                         Two Shelter Cove
                                         Greenville SC 29601

Comenity Bank/goodys                     Comenity Capital/mprc               Michelle R. Ghidotti-Gonsalves
Attn: Bankruptcy Dept                    Attn: Bankruptcy Dept               The Law Offices of Michelle R. Ghidotti
Po Box 182125                            Po Box 182125                       1920 Old Tustin Ave.
Columbus OH 43218-2125                   Columbus OH 43218-2125              Santa Ana, CA 92705-7811

Kevin T Hardy                            Midland Credit Management Inc       Midland Funding
Guardian ad Litem for Barnhill Children  POB 60578                           2365 Northside Dr Ste 300
Quinn & Hardy                            Los Angeles CA 90060-0578           San Diego CA 92108-2709
2309 Devine Street
Columbia SC 29205-2422

Midland Funding LLC                      PEE DEE MEDICAL COLLECTIONS         Quantum3 Group LLC as agent for
Po Box 2011                              PO BOX 1597                         Comenity Bank
Warren MI 48090-2011                     FLORENCE, SC 29503-1597             PO Box 788
                                                                             Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for          S C Department of Revenue and Taxation   Seventh Avenue
Comenity Capital Bank                    POB 12265                           1112 7th Ave
PO Box 788                               Columbia SC 29211-2265              Monroe WI 53566-1364
Kirkland, WA  98083-0788

US Trustee's Office                      (p)W S BADCOCK CORPORATION          Daryle Allen Walker
Strom Thurmond Federal Building          POST OFFICE BOX 724                 PO Box 1537
1835 Assembly Street                     MULBERRY FL 33860-0724              Murrells Inlet, SC 29576-1537
Suite 
Columbia, SC 29201-2448

Wilmington Savings Fund Society FSB      Wilmington Savings Fund Society, FSB    James M Wyman
in care of John S Kay Attorney           AMIP Management, LLC                PO Box 997
240 Stoneridge Drive                     3020 Old Ranch Parkway, Suite 180   Mount Pleasant, SC 29465-0997
Suite 400                                Seal Beach, CA 90740-2799
Columbia SC 29210-8013
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
W S Badcock
2300 Church Street
Unit 2
Conway SC 29526-2961
```